MEMORANDUM *
The appellants, Polar Equipment and Nautilus Marine, were two of the original plaintiffs in this litigation, but they split off from the rest of the plaintiffs’ class in 2003 to pursue their claims against Exxon individually. As part of their 2003 agreement with the plaintiffs’ class, appellants agreed to release their rights to share in any punitive damages recovery “awarded to and collected by” the class. Appellants now contend that the 2003 agreement should not be given effect because their 2006 settlement with Exxon, to which the plaintiffs’ class was not a party, said that Exxon “reassigned and restored” Polar Equipment’s and Nautilus Marine’s rights to share in the class recovery of punitive damages.
In the 2003 agreement with the plaintiffs’ class, however, Polar Equipment and Nautilus Marine agreed to be “bound by the terms and conditions of Order No. 351 and Order No. 352 for all purposes,” and they agreed to “[wjaive, relinquish and discharge any right of any nature whatsoever which either of them may have to participate in any distribution of or receive any share of any recoveries by Plaintiffs pursuant to either the Amended Plan of Allocation approved ... [in] Order No. 351, or the Amended Plan of Distribution of Allocations to the Processor Claim Category approved by the Court in Order No. 352.”
In return for giving up their rights to share in any punitive damages recovery by the plaintiffs’ class, these appellants were allowed to pursue then- claims against Exxon. They settled those claims in 2006 for more than eight million dollars. The appellants do not have to share any of that recovery with the plaintiffs’ class but, in return, they remain bound by the terms of the 2003 agreement that they will not share in the punitive damages collected by the rest of the plaintiffs. The appellants’ 2006 settlement with Exxon did not affect the validity of the appellants’ 2003 settlement with the plaintiffs’ class. See Leroy Land Dev. v. Tahoe Reg’l Planning Agency, 939 F.2d 696, 698-99 (9th Cir.1991).
The district court correctly so held.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided *711 by 9th Cir. R. 36-3.